Sangeeta Devi CHAND;
et al., Petitioners,

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71283.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided July 28, 2004.

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., Robert J. McAuliffe, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner Sangeeta Devi Chand petitions for review of the Board of Immigration Appeals' (BIA) affirmance without opinion of an immigration judge's (IJ) denial of her applications for asylum and withholding of removal[1] on the basis of an adverse credibility finding.[2] We review the IJ's decision as the final agency determination. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1074 (9th Cir.2004). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Adverse credibility findings are reviewed for substantial evidence. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). The IJ's adverse credibility finding is supported by substantial evidence. There are numerous inconsistencies in Chand's testimony that undermine her credibility. Also, apart from the IJ's conclusion that Chand was feigning extreme emotional distress, the unrebutted forensic report suggesting falsification combined with the inconsistencies in the dates for critical events suggest that the documents she submitted were not authentic.

Because the IJ's adverse credibility finding is supported by substantial evidence, the petition for review is **DENIED**.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. On appeal, Chand also argues that she is eligible for relief under the Convention Against Torture (CAT), but she did not apply for CAT relief and did not argue her eligibility during the administrative process. The court has no jurisdiction over this unexhausted claim. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

2. Chand's son's applications for asylum and withholding of removal were considered as derivative of Chand's applications.